UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 04-20932-CIV LENARD/TORRES

ROLANDO RODRIGUEZ,

    Plaintiff,

vs.

BEST CANDLE, a corporation
and KELLY SERVICES, a corporation,

    Defendants.
_____/

**DEFENDANT, KELLY SERVICES, INC.'S
MOTION TO EXCLUDE WITNESS OR TO PERMIT DEPOSITION
AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Kelly Services, Inc. ("Kelly Services"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b), files its Motion to Exclude Witness or to Permit Deposition and states:

1. On April 20, 2004, Plaintiff filed his Complaint.

2. In Plaintiff's Rule 26 Initial Disclosures he identified Aristides Fortuna as a person he believed to have knowledge about his case. Plaintiff provided an address but no telephone number.

3. Defendant attempted, but was unable, to contact Mr. Fortuna at that address, or to otherwise locate Mr. Fortuna. Plaintiff's counsel's office advised defense counsel that he also had been unable to locate Mr. Fortuna but that that was the only address he had.

4. In yet another attempt to locate Mr. Fortuna, at Plaintiff's deposition taken on October 20, 2006, Plaintiff was asked about Mr. Fortuna's whereabouts, and Plaintiff testified

that he last spoke with Mr. Fortuna "about four or five months after" the termination of his assignment in June 2003 (Mr. Fortuna allegedly signed an affidavit dated October 2003, when Plaintiff had different counsel) and that then Mr. Fortuna got married and moved and he "lost contact" with Mr. Fortuna and he did not know where Mr. Fortuna could be located. (Pl. Dep. at 38:6-16, 47:18-24.)

5. On November 20, 2007, Kelly Services timely filed its motion for summary judgment. (Doc. 69.)

6. On November 22, 2006, this Court issued its Twenty-one Day Notice of Consideration of Motion for Summary Judgment, which directed Plaintiff to file his response to the motion for summary judgment within ten days (plus mailing, excluding weekends or holidays); that is, by December 8, 2006. (Doc. 72.)

7. Discovery in this case is to conclude December 15, 2006. (Doc. 46.)

8. On December 5, 2006, Plaintiff sought (and has since been granted) an additional nineteen days, until December 27, 2006, to file his response in opposition to the motion for summary judgment.

9. On December 11, 2006, Kelly Services was served Plaintiff's Supplemental Compliance with Local Rule 26(a)(1), which provided a different address for Mr. Fortuna, but no telephone number.

10. Kelly Services has attempted to contact Mr. Fortuna through use of that address, but to no avail. Defense counsel's office asked Plaintiff's counsel's office if it had been successful in contacting Mr. Fortuna and was told that they also had not been successful in contacting him, despite their attempts to do so.

11. Kelly Services has not had sufficient time to seek to depose Mr. Fortuna before the time for discovery elapses; yet it appears that Plaintiff will seek to use the old affidavit or will have the opportunity to obtain an additional affidavit from Mr. Fortuna for possible use in opposing the summary judgment motion only because Plaintiff was successful in obtaining an enlargement of time to file his response.

12. The October 2003 affidavit is inadmissible hearsay, if Mr. Fortuna cannot be located. A party "cannot use inadmissible hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial." *Pritchard v. Southern Co. Svcs.*, 92 F.3d 1130, 1135 (11th Cir. 1996). In this case, the October 2003 affidavit of Aristedes Fortuna is inadmissible hearsay because there is no evidence that he will be a witness at trial if he cannot be located. An alleged address alone is insufficient to determine that Mr. Fortuna will be a witness at trial.

13. If Plaintiff were able to submit affidavit testimony to oppose Kelly Services' motion for summary judgment only because it belatedly identified his allegedly new address and because it obtained additional time from the Court to do so, while Kelly Services was unable to depose or otherwise contact Mr. Fortuna, Kelly Services would be unfairly prejudiced in its defense of this case.

14. Accordingly, Kelly Services respectfully asks this Court to enter an order precluding Mr. Fortuna from being a witness in this case. In the alternative, Kelly Services seeks an order precluding any affidavit testimony from Mr. Fortuna in opposition to the motion for summary judgment. In the alternative, Kelly Services seeks an order permitting it to depose Mr. Fortuna after the December 15, 2006, deadline.

15. Pursuant to Federal Rule of Civil Procedure 16(b), as detailed above, good cause exists to permit the deposition of Mr. Fortuna after the discovery deadline.

16. Pursuant to Local Rule 7.1A., defense counsel contacted Plaintiff's counsel in an unsuccessful attempt to resolve the issues addressed herein.

WHEREFORE, Defendant, Kelly Services, Inc., seeks entry of an order precluding Aristides Fortuna from being a witness in this case; or, in the alternative, an order precluding his affidavit testimony in opposition to the motion for summary judgment; or, in the alternative, an order permitting it to depose Mr. Fortuna after the December 15, 2006, deadline.

Dated this 15th day of December, 2006.

Respectfully submitted,

By: s/M. Susan Sacco
    M. Susan Sacco
    Florida Bar No. 341721
    ssacco@fordharrison.com
    FORD & HARRISON LLP
    300 South Orange Avenue, Suite 1300
    Orlando, FL  32801
    Tel: (407) 418-2300
    Fax: (407) 418-2327
    Attorneys for Defendant Kelly Services

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will which will send a notice of electronic filing to Martin Leach at mel@flmlegal.com.

s/M. Susan Sacco
M. Susan Sacco

Orlando:111570.1