**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 04-20932-Civ-Lenard/Torres

ROLANDO RODRIGUEZ,

    Plaintiff,

v.

BEST CANDLE, a corporation
and KELLY SERVICES, a corporation,

    Defendants.
_____/

### ORDER ON DEFENDANT KELLY SERVICES' MOTION TO EXCLUDE WITNESS OR TO PERMIT DEPOSITION

This matter comes before the Court on Defendant Kelly Services' Motion to Exclude Witness or to Permit Deposition [D.E. 76]. The Court has reviewed the case file and is otherwise advised in the premises.

Defendant Kelly Services' motion seeks to exclude Aristides Fortuna as a witness in the case due to Plaintiff's failure to provide updated contact information for Mr. Fortuna. Defendant alleges that it asked Plaintiff during Plaintiff's October 20, 2006, deposition about Mr. Fortuna's whereabouts and that Plaintiff testified that he did not know where Mr. Fortuna could be located. Defendant also alleges that on December 11, 2006, (four days before the discovery cut-off of December 15, 2006) Defendant was served Plaintiff's Supplemental Compliance with Rule 26(a)(1), which provided a different address for Mr. Fortuna. Defendant states that it has attempted to contact Mr. Fortuna at the new address provided by Plaintiff, but has been unable to do so. Defendant also alleges that Plaintiff's counsel's office has advised that it has also been unable to contact Mr. Fortuna at that address. Last, Defendant notes that it timely filed its motion for

summary judgment on November 20, 2006, and argues that Plaintiff cannot use Mr. Fortuna's October 2003 affidavit to defeat summary judgment because the affidavit is hearsay since there is no evidence that Mr. Fortuna will be a witness at trial if he cannot be located.

Plaintiff responds to the motion by stating that Defendant's counsel never expressed any interest in deposing Mr. Fortuna and that Defendant claimed for the first time that it had been unable to contact Mr. Fortuna in its motion for summary judgment. Plaintiff further states that it provided an updated address for Mr. Fortuna to Defendant on December 8, 2006, which was seven days before the discovery cut-off, and on December 11, 2006, Plaintiff amended his initial disclosures to reflect the new address. Significantly, Plaintiff represents that his counsel's office has spoken to Mr. Fortuna and confirmed that the new address is correct.

The exclusion of Mr. Fortuna's testimony regarding the alleged discriminatory conduct of Defendant would be a particularly severe sanction given the difficulty plaintiffs face in proving employment discrimination. *Quinn v. Consol. Freightways Corp. of Del.*, 283 (F.3d 572, 576 (3rd Cir. 2002) (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) (acknowledging that "[a]ll courts have recognized that the question facing triers of fact in discrimination cases is both sensitive and difficult . . . [and that] [t]here will seldom be eyewitness testimony as to the employer's mental processes" which the plaintiff can use to show discriminatory conduct)).

"[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by

2

the proponent of the evidence." *Id.* at 576 (3rd Cir. 2002) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3rd Cir. 1994)).  Defendant has not made a showing that Plaintiff has willfully deceived it as to the whereabouts of Mr. Fortuna and Plaintiff has not disregarded an order of this court.  Defendant also cannot claim surprise given that Defendant has known about Mr. Fortuna's proposed testimony since the filing of Mr. Fortuna's affidavit in October 2003.  *Id.* at 577 (discussing *Meyers* factors court considers when determining whether to exclude testimony).   Any prejudice that Defendant might suffer will be cured by the taking of Mr. Fortuna's deposition.  *Id.*  Given Plaintiff's representation regarding the accuracy of Mr. Fortuna's new address, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Exclude Witness or to Permit Deposition [D.E. 76] is **GRANTED IN PART AND DENIED IN PART.**  Defendant shall have leave to take Mr. Fortuna's deposition by no later than January 17, 2007.  If Defendant is unable to locate Mr. Fortuna for the taking of the deposition, it may renew its motion no later than January 19, 2007, attaching as exhibits to the motion evidence of its efforts to contact Mr. Fortuna.

**DONE AND ORDERED** in Miami, Florida, on the 8th day of January 2007.

    /s Edwin G. Torres_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
The Honorable Joan A. Lenard
All counsel of record